NOT DESIGNATED FOR PUBLICATION

No. 115,715

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRADLEY A. PISTOTNIK and BRAD PISTOTNIK LAW, P.A.,
*Appellees*,

v.

BRIAN D. PISTOTNIK, AFFILIATED ATTORNEYS OF PISTOTNIK LAW OFFICES, P.A.,
and PISTOTNIK LAW OFFICES, LLC,
*Appellants*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TIMOTHY H. HENDERSON, judge. Opinion filed May 19, 2017. Affirmed.

*Brian D. Pistotnik*, of Wichita, appellant pro se.

*Charles E. Millsap*, *Lyndon W. Vix*, and *Ron Campbell*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for appellees.

Before GREEN, P.J., STANDRIDGE and GARDNER, JJ.

*Per Curiam*: Brian D. Pistotnik appeals the district court's decision to deny his motion to terminate the receivership it ordered after dissolving Affiliated Attorneys of Pistotnik Law Offices, P.A. (AAPLO), an association which Brian owned with his brother, Bradley A. Pistotnik. Brian argues the court should have terminated the receivership because the parties contemplated termination in their settlement agreement and because the facts and circumstances of the case no longer necessitate the receivership. Finding no abuse of discretion, we affirm the district court's decision.

1

Brian and Brad were each 50% shareholders of the law firm AAPLO. On June 19, 2014, Brad filed a petition seeking dissolution of AAPLO. Brian answered the lawsuit and asserted several counterclaims against Brad. Brad answered Brian's counterclaims and included additional claims against Brian. The numerous claims between the brothers were the subject of lengthy litigation, most of which is not relevant to this appeal.

Brad filed a motion for dissolution of AAPLO and appointment of receiver on November 3, 2014. The district court issued an order on January 15, 2015, dissolving AAPLO and placing it in receivership. The court appointed attorney David Rapp to serve as the receiver to wind up the affairs of AAPLO. See K.S.A. 17-6808 (appointment by court and power of receiver for dissolved corporations). Rapp filed his oath as receiver on January 28, 2015, and filed his bond on February 11, 2015.

During the course of the receivership, Rapp worked under the authority of the district court to marshal AAPLO's assets, collect its debts, and evaluate claims made by or against AAPLO or its shareholders. The receiver also oversaw the litigation of certain claims in which AAPLO asserted attorneys' liens for predissolution cases, which are referred to as the *Consolver* and *Hernandez* cases. Former AAPLO clients additionally filed counterclaims against Brad (in *Consolver II*) and Brian (in *Hernandez*).

On July 16, 2015, Brian and Brad met with a mediator, who assisted them in settling their claims against each other and agreeing to a mutual release. The mediator read the terms of the settlement agreement into the court's record the same day. Brian and Brad confirmed that the terms of their agreement were correctly recited by the mediator into the record. Relevant to the issue on appeal, the settlement agreement included the following provision:

"[THE MEDIATOR]: Judge, this is what I believe the settlement agreement to be between the parties. The receivership will be closed as soon as possible. There's been a lawsuit filed recently naming the old—I'm not going to call it AAPLO—I'm just going to say the old law firm as a defendant, which may require some action by the receiver. These parties agree that it should be closed as soon as possible."

In accordance with their agreement, Brad's attorneys drafted a written settlement agreement and mutual release that incorporated the terms of the mediated agreement and then presented the draft to Brian for signature. On October 13, 2015, Brad filed a motion to enforce the settlement agreement, asking the court to order that Brian sign the written agreement. On October 16, 2015, Brian filed a separate motion to enforce the terms of the settlement agreement and terminate the receivership, or in the alternative to stay the receivership. Brian complained that after the July 16, 2015, settlement agreement was reached, Brad filed a claim against AAPLO for indemnity in *Consolver II*. Brian alleged that because Brad was aware of that case prior to agreeing to release all claims against the receivership on July 16, 2015, Brad breached the terms of the settlement agreement and his claim for indemnity should be rejected.

The district court held a hearing on October 29, 2015, regarding the competing motions and heard argument from the parties on issues pertaining to the interpretation of the settlement agreement. The court ultimately allowed Brad to make an indemnity claim against AAPLO in *Consolver II* and ordered the receiver to oversee that litigation. The court then granted Brad's motion to enforce the settlement agreement. Noting several objections, Brian signed the written settlement agreement on November 12, 2015. Relevant to the sole issue on appeal, the written agreement stated:

"8. CLOSING OF THE RECEIVERSHIP. The Receivership shall be closed as soon as practicable. It is understood that a suit has recently been filed in which the RECEIVER has been named as a defendant, which may require some action by the RECEIVER."

3

On December 8, 2015, the district court entered a journal entry dismissing the parties' claims against each other with prejudice. The order stated: "[T]his action shall remain open until the Receiver, David Rapp, winds up the affairs of Affiliated Attorneys of Pistotnik Law Offices, P.A., and provides his final report to the Court pursuant to K.S.A. 17-6808."

On February 11, 2016, Brian filed a motion to terminate the receivership. The district court heard argument on the motion on February 24-25, 2016, along with other issues pertaining to the ongoing wind up of AAPLO. On March 31, 2016, the court issued an order in which it denied the motion to terminate the receivership, but strictly limited the receiver's work. The order stated, in relevant part:

"2. At the time of the hearing, there were four cases outstanding for AAPLO: *Consolver I*, *Consolver II*, and two *Hernandez* cases, all involving attorneys' liens. There is a potential for future litigation concerning these cases. The Receiver does not believe the receivership needs to stay open for these cases. The Court shares that observation and notes that Brian Pistotnik made a very fair point when he indicated that four or five years from now there may be liability for the corporation and we do not need to keep a receiver open for those purposes.

"3. The Receiver does believe, however, as does the Court, that the receivership needs to remain open to complete the 2015 taxes and may need to stay open for the 2016 taxes.

"4. The Court's primary concern about closing the receivership is that throughout the life of this case, the Court had concluded that the matter was resolved. However, such closure never came to fruition. The Court is mindful of the expenses to the parties that a receivership creates. The Court is equally mindful that much of these expenses are the result of issues raised by the parties to the Receiver.

"5. The Receiver has performed admirably, and the Court has no concerns about the work done by the Receiver.

"6. The Receiver is to complete the work necessary for the 2015 taxes. Once those tax returns are filed, the Court orders that the Receiver shall not work this case in any further manner without further Court order (with the exception of 2016 taxes, as

4

discussed below). The Court will consider any motion allowing the Receiver to work the case filed by the parties or the Receiver for future actions. Absence of issuance of such an order, there is not to be any further work on the receivership. The Court cautions the parties that it reserves the right to assess the cost of future work done by the Receiver to the party seeking the Receiver's involvement from this point forward. The Receiver may work the receivership concerning 2016 AAPLO taxes without further order of the Court. Once the 2016 taxes are paid, it is the Court's intention to close the receivership. The Court is not terminating and winding up the Receivership at this time, but is limiting its future work as outlined above.

"IT IS SO ORDERED."

Brian timely appealed the district court's order on April 15, 2016.

After the district court's March 31, 2016, order in this case, Rapp, in his capacity as receiver of AAPLO, was served with a counterclaim in the *Hernandez* lawsuit. On August 11, 2016, Rapp filed a motion in the district court seeking authorization to participate in the defense of the *Hernandez* litigation asserted against AAPLO. The district court granted the motion and authorized Rapp "to participate in the defense of the above identified Counterclaim, but direct[ed] that the Receiver minimize his participation to the extent reasonably possible." The order also provided that the parties could terminate the receivership as matters progressed "only if both parties consent."

ANALYSIS

*Motion to terminate receivership*

Brian argues the district court erred when it denied his motion to terminate the AAPLO receivership, citing two reasons the receivership should have been be closed. First, he argues the parties agreed to terminate the receivership and the court erred in failing to enforce that agreement. Second, he contends that under the facts and circumstances of this case, there was no reason for the court to keep the receivership

5

open. In response to Brian's argument, Brad contends the agreement did not require the district court to immediately close the receivership, the court had discretion to keep the receivership open, and there are pending matters for the receiver to address before the receivership may be completed.

When a corporate entity is dissolved, the district court may, upon application, appoint a receiver of the corporation. K.S.A. 17-6808. The receiver's duties are defined by statute:

> "[T]o take charge of the corporation's property, and to collect the debts and property due and belonging to the corporation, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by the corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation." K.S.A. 17-6808.

The powers of the receiver continue "as long as the court shall think necessary for the purposes aforesaid." K.S.A. 17-6808.

This court reviews the district court's decisions regarding the appointment and retention of a receiver for abuse of discretion. See *Inscho v. Mid-Continent Development Co.*, 94 Kan. 370, 382, 146 P. 1014 (1915) (retention of receiver reviewed for abuse of discretion); see also *City of Mulvane v. Henderson*, 46 Kan. App. 2d 113, 118, 257 P.3d 1272 (2011) (appointment of receiver reviewed for abuse of discretion). Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable or when the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances. *Uhruh v. Purina Mills, LLC*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009); *Rose v. Via Christi Health System, Inc.*, 276 Kan. 539, Syl. ¶ 1, 78 P.3d 798 (2003).

6

> "Under an abuse of discretion standard, a district court's decision is protected if reasonable persons could differ upon the propriety of the decision, as long as the discretionary decision is made within and takes into account the applicable legal standards." *Harrison v. Tauheed*, 292 Kan. 663, Syl. ¶ 2, 256 P.3d 851 (2011).

The burden of showing an abuse of discretion is on the party claiming error. *Miller v. Glacier Development Co., LLC*, 284 Kan. 476, 498, 161 P.3d 730 (2007).

Brian first argues that the district court abused its discretion by failing to enforce the parties' settlement agreement, which he contends primarily required closing the receivership. Brad contends that Brian overstates the nature of the parties' agreement with respect to the termination of the receivership and that the district court is in any case not bound by the parties' agreement to terminate the receivership.

Brian makes two conflicting contract interpretation arguments. First, he urges us to look to the plain language of the verbal agreement and written agreement and contends "both agreements clearly state that the parties agreed to close the receivership." Alternatively, Brian argues that the termination provision in the written agreement is ambiguous because it fails to clearly define when and how the receivership will be closed, and such an ambiguity should be resolved against Brad since his attorneys drafted that agreement. The interpretation of a written instrument is a question of law, over which this court exercises unlimited review. *Prairie Land Elec. Co-Op. v. Kansas Elec. Power Co-Op.*, 299 Kan. 360, 366, 323 P.3d 1270 (2014). "Whether a written instrument is ambiguous is a matter of law subject to de novo review." *Liggatt v. Employers Mut. Casualty Co.*, 273 Kan. 915, 921, 46 P.3d 1120 (2002).

> "The primary rule in interpreting written contracts is to ascertain the intent of the parties. If the terms of the contract are clear, there is no room for rules of construction, and the intent of the parties is determined from the contract itself. [Citation omitted.] . . . Ambiguity exists if the contract contains provisions or language of doubtful or conflicting

meaning. [Citation omitted.] Put another way: 'Ambiguity in a written contract does not appear until the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning.' [Citation omitted.] Before a contract is determined to be ambiguous, the language must be given a fair, reasonable, and practical construction. [Citation omitted.]" *Liggatt*, 273 Kan. at 921.

The intent of the parties can be determined from the plain language of the agreements. The verbal agreement states that "[t]he receivership will be closed as soon as possible." Similarly, the written agreement provided that "[t]he Receivership shall be closed as soon as practicable." The agreements plainly did not require immediate termination of the receivership.

The language "as soon as possible" and "as soon as practicable" does not render the provision ambiguous, as the meaning of those provisions is not doubtful or contradictory. See *Liggatt*, 273 Kan. at 921. The context of the agreement is an ongoing wind up of a corporation. Looking at the provisions themselves, they contemplated that the receiver had pending responsibilities prior to winding up AAPLO: the verbal agreement stated "[t]here's been a lawsuit filed recently naming . . . the old law firm as a defendant, which may require some action by the receiver," and the written agreement stated "[i]t is understood that a suit has recently been filed in which the RECEIVER has been named as a defendant, which may require some action by the RECEIVER." The provisions did not contemplate immediate termination but anticipated that the receiver would have to wind up the outstanding litigation.

Because the provisions are not ambiguous, it is not proper to interpret the provision against the drafter of the agreement. See *Thoroughbred Associates, LLC v. Kansas City Royalty Company, LLC*, 297 Kan. 1193, 1206, 308 P.3d 1238 (2013) ("When ambiguity appears, the language is interpreted against the party who prepared the instrument."). In any case, the written agreement simply formalized the parties' earlier

8

verbal agreement, and the two provisions are almost identical. There is no reason for this court to interpret the meaning of the agreement to terminate the receivership against Brad.

As Brad contends, the district court is not bound by the agreement of the parties to terminate a receivership, even if that is what the parties agreed. Indeed, the receiver serves at the discretion of the court. The receivership may continue "as long as the court shall think necessary" to do all acts that might be done by the corporation necessary for the final settlement of unfinished business of the corporation. K.S.A. 17-6808; see also *Shaw v. Robison*, 537 P.2d 487, 490 (Utah 1975) ("A receivership is an equitable matter and is entirely within the control of the court. The fact that the parties requested a termination of the matter in the midst of the proceedings does not compel the court to 'about face' and cease all matters instanter.").

> "The decision on whether to terminate a receivership turns on the facts and circumstances of each case. In determining whether to continue a receivership or discharge the receiver, the court will consider the rights and interests of all parties concerned and will not grant an application for discharge merely because it is made by the party at whose instance the appointment was made. Similarly, the fact that the parties request a termination of receivership in the midst of the proceedings does not compel the court to cease all matters instantly though a court may agree to discharge a court-appointed receiver upon the agreement of all parties." 65 Am. Jur. 2d Receivers § 146.

The district court did not abuse its discretion in denying Brian's motion to terminate the receivership based on the parties' agreement that the receivership would be terminated as soon as possible.

In his next argument, Brian points to several facts and circumstances that he argues required the receivership to be terminated. First, he alleges the settlement agreement resolved all outstanding issues with the wind up of AAPLO—how the receiver

would handle AAPLO's assets and debts, how the parties would pay the expenses of filing tax returns, and how the parties would divide expenses and recovery regarding the *Consolver I* case. Second, he notes that the receiver admitted he was not actively involved in *Consolver I* and *Consolver II* and that the parties could file the taxes on their own if the court relieved him of his duties. Finally, Brian argues the continuation of the receivership is depleting AAPLO's assets which would otherwise be distributed to the shareholders. In short, Brian alleges that the purpose of the receivership is complete, and the district court abused its discretion in keeping it open. He argues that a receiver is not necessary for the filing AAPLO's taxes, which is a function performed by AAPLO's accountant.

Brian acknowledges that the receiver was named on behalf of AAPLO as a counterclaim defendant in *Hernandez* after the district court's March 31, 2016, order, and the court has approved the receiver to oversee that litigation. Although Brian asserts his malpractice insurer is handling the defense of the case, he fails to acknowledge that the receivership is the only entity that can act on behalf of AAPLO as a dissolved corporation. As such, the receiver must not only communicate with the attorneys representing AAPLO in the *Hernandez* litigation but also is solely responsible for making decisions on the corporation's behalf to resolve that claim.

The district court exercised its discretion to deny Brian's motion to terminate the receivership after taking into consideration the facts and circumstances Brian raises now on appeal. The court's March 31, 2016, order denying Brian's motion to terminate the receivership stayed the receiver's work except to complete the work necessary for the filing of AAPLO's 2015 and 2016 taxes. The court specified that the limitation on the receiver's work was in response to concerns about expenses incurred by continuing the receivership. The court specifically noted its agreement with Brian's position that the receivership did not need to remain open indefinitely to handle any future litigation filed against AAPLO. The court provided a method for the receiver to be involved in

10

unforeseen issues that may arise during the wind up of the corporation but only upon application to the court and permission granted.

The district court has discretion to continue the receivership "as long as the court shall think necessary" for the receiver to complete its work. K.S.A. 17-6808. The powers of the receiver include "all . . . acts which might be done by the corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation." K.S.A. 17-6808. Filing AAPLO's 2016 taxes to complete the wind up of the corporation is squarely within the receiver's powers. At the time of the district court's order, the final wind up of the corporation was not complete. The district court was not "beyond the limits of permissible choice under the circumstances" of this case. See *Rose*, 276 Kan. 539, Syl. ¶ 1.

The district court's decision was made within the applicable legal standards. See *Harrison*, 292 Kan. 663, Syl. ¶ 2. Reasonable persons could agree that the receivership should have been continued on a limited basis so that the receiver could oversee filing of the 2016 taxes and could be available to take care of any unresolved issue that arose as the wind up was completed. As such, the district court's decision to deny Brian's motion to terminate the receivership and to maintain the receivership in a limited fashion through the filing of the 2016 taxes was not an abuse of discretion.

*Indemnity claim*

Brian contends that Brad breached the terms of the settlement agreement by making a claim against the receivership for indemnity in the *Consolver II* lawsuit. On appeal, Brian asks us for an order prohibiting Brad from making additional claims against the receivership. Because Brian appeals only from the district court's decision to deny his motion to terminate the receivership, we lack jurisdiction to consider the indemnity issue he now raises. See *State v. Herman*, 50 Kan. App. 2d 316, 327, 324 P.3d 1134 (2014)

11

("An appellate court may not properly exercise jurisdiction over an appeal that has not been taken in conformity with that statutory grant."). As we stated in our order dated June 16, 2016: "This appeal is limited to the question of whether the district court erred by refusing to wind up the receivership. Under K.S.A. 2015 Supp. 60-2102(a)(3), this is the only statutory jurisdiction which exists."

Affirmed.